UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zenobia W., | Case No. 20-CV-2036 (JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, | |
| Defendant. | |

This matter is before the Court on Plaintiff Zenobia W.'s petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 38.) Plaintiff asks for an award of $11,223.30 in attorneys' fees, representing 53.7 hours of work by her attorneys at an hourly rate of $209.00. Defendant does not object to the hourly rate requested. Defendant does object, however, to the number of hours expended as unreasonable, and asks the Court to reduce the number of hours to from 53.7 to 35.

Pursuant to the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A plaintiff who obtains a remand pursuant to sentence four of 42 U.S.C. § 405(g), as Plaintiff did here, is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). A court should exclude from a fee calculation any "hours that

1

were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id.*

Fifty-three hours is near the upper limit of fees awarded in the District of Minnesota. *See Tristan M. v. Kijakazi*, No. 20-CV-2247 (TNL), 2022 WL 2045674, at *2 (D. Minn. June 7, 2022) (awarding fees for 39.0 hours of attorney work and finding the number of hours "well within the amount routinely awarded in this District") (citing *Cheryl J. v. Saul*, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020) (41.8 hours); *Maria L. H. v. Saul*, No. 19-cv-401 (BRT), 2020 WL 7625793, at *2 (D. Minn. May 7, 2020) (45.4 hours); *Jean P. R. E. v. Berryhill*, No. 17-cv-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 16, 2019) (45.5 hours); *Waskosky v. Berryhill*, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *1-2 (D. Minn. June 14, 2018) (approximately 45 hours); *Wildey v. Berryhill*, No. 16-cv-2028 (KMM), 2018 U.S. Dist. LEXIS 45766, at *4 (D. Minn. Mar. 19, 2018) (46.6 hours)); *see also Dimond v. Berryhill*, No. 16-cv-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017) (48 hours); *Chang v. Berryhill*, No. 15-CV-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017), *R. & R. adopted*, No. 15-CV-4496 (ADM/HB), 2017 WL 2773524 (D. Minn. June 26, 2017) (52 hours); *Carpenter v. Colvin*, No. 14-CV-1664 (JRT/TLN), 2016 WL 4218282, at *1 (D. Minn. Aug. 10, 2016) (58.5 hours).

In deciding the parties' motions for summary judgment in this case, this Court reviewed in depth the administrative record and the parties' filings. Thus, the Court is well

acquainted with the size and contents of the administrative record, as well as Plaintiff's memorandum filed in support of her motion for summary judgment. Plaintiff applied to the Social Security Administration for Supplemental Security Income, based largely on asserted mental health issues. (*See* Dkt. No. 22-2 at 20.) Her application was denied, and with the assistance of counsel, she sought judicial review. The administrative record in this case (Dkt. No. 22) is 1,342 pages in length, and in seeking relief from the Court, counsel filed a 34-page memorandum (Dkt. No. 24) in support of Plaintiff's Motion for Summary Judgment (Dkt. No. 23). These page counts are an appropriate metric for the amount of work involved in this case, but page counts do not necessarily capture the complexity of this case; Plaintiff's Memorandum in Support summarizes the opinions and treatment records of at least four medical sources and a lengthy medical history which has both physical and mental components.

The Court finds that 53.7 hours was a reasonable amount of time for attorney Karl E. Osterhout to have spent on this case. At 1,342 pages, the administrative record is lengthy. Defendant concedes the record is "larger . . . than most." (Def.'s Opp'n Pet. Attorney Fees at 6, Dkt. No. 41.) Mr. Osterhout's itemized time includes 23.3 hours reviewing the administrative record; 2 hours reviewing the Appeals Council's decision (which is part of the administrative record), reviewing the "file," and conferring with Plaintiff; and another hour reviewing Defendant's Answer and the administrative record. This was not an unreasonable amount of time for these tasks. In reaching this conclusion, the Court has also considered that Mr. Osterhout did not represent Plaintiff during the administrative

proceedings and thus was not familiar with the administrative record before representing her in this action.

Defendant also argues that the "batched tasks" entries make it impossible to tell how much time was spent reviewing the file and how much time was spent on other tasks. This is true, but not important. This Court has experience reviewing the record in Social Security disability cases, including, of course, this case. An attorney reviewing a Social Security disability record is multi-tasking, moving frequently from reading the record to issue identification and then to legal research. This is a familiar pattern of work in Social Security disability cases, and this Court is therefore able to evaluate the blended tasks that go into this file review. Whether 23.3 hours (the amount of time itemized for reviewing the "file") or 26.3 hours (23.3 hours, plus the additional 3 hours spent on batched tasks), however, the Court finds this was a reasonable amount of time to have spent reviewing the file in this case and performing the other tasks in the entries.

The Court pauses here to observe here that Defendant goes beyond asserting that Mr. Osterhout's batched entries made it difficult to focus on the amount of time spent on "pure" file review and alleged that Mr. Osterhout deliberately batched his entries in order "to prevent a meaningful review." At another point in Defendant's memorandum, Defendant uses the word "overbilling" to characterize Mr. Osterhout's conduct. To be clear, a dispute over the reasonableness of the amount of time an attorney spent on a task is not a dispute over allegations of professional misconduct, but rather a dispute, between professionals whose good intentions are not disputed, over how much time it should take

an attorney to accomplish a task when the attorney has a client of limited means and who is committed to vindicating the rights at issue.

Mr. Osterhout's itemized time also includes 20.3 hours drafting the memorandum in support of Plaintiff's motion for summary judgment. At 34 pages (32.5 substantive pages), the memorandum is longer than most, and it also raised challenges to the Administrative Law Judge's evaluation of evidence from four of Plaintiff's providers. On the other hand, the challenges were grounded in similar legal standards that are well known to lawyers who specialize in Social Security disability cases. The legal and factual analysis were both relatively straightforward. On the whole, the Court finds that 20.3 hours was not an unreasonable amount of time spent on the memorandum.

Turning to the itemized time for local counsel Edward Olson, the Court disagrees with the Commissioner that the 4.2 hours spent by Mr. Olson was unreasonable. The itemized activities were required of Mr. Olson as local counsel, and he did not expend excessive time on them.

Although Defendant did not contest the hourly rate, the Court observes that the EAJA limits the hourly rate for attorneys' fees to "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court finds that an increase in the cost of living justifies an hourly rate of $209.00.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Zenobia W.'s petition for attorney's fees (Dkt. No. 38) is **GRANTED**. Plaintiff is awarded $11,223.30 in attorney's fees under the EAJA, less any offset.

Date:  August 30, 2022            *s/ John F. Docherty*
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge